UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THIND ENTERPRISES, LLC,

VERSUS

GREAT LAKES REINSURANCE
(UK) SE

CIVIL ACTION
21-99-SDD-RLB

**RULING**

This matter is before the Court on the *Rule 12(b)(6) Motion to Dismiss*[1] filed by Great Lakes Reinsurance (UK) SE ("Great Lakes"). Plaintiffs Jaswinder Singh Thind, Jaswinder Kaur Thind, and Thind Enterprises, L.L.C. ("Plaintiffs") filed an *Opposition*,[2] to which Great Lakes filed a *Reply*.[3] For the reasons that follow, the Court finds that the Motion shall be DENIED without prejudice, with Plaintiffs granted leave to amend their complaint.

**I.    BACKGROUND**

This is the third lawsuit arising out of a 2014 fire caused by a malfunctioning slush machine at Plaintiffs' convenience store in Lafayette, Louisiana.[4] After Plaintiffs' insurer Great Lakes paid their property damage claim in the amount of $157,699.30, Great Lakes sued the manufacturer of the allegedly defective slush machine in the 15th Judicial District Court.[5] Plaintiffs filed their own action in the same court a week later.[6]

---

[1] Rec. Doc. No. 5.
[2] Rec. Doc. No. 10.
[3] Rec. Doc. No. 13.
[4] Rec. Doc. No. 10-1.
[5] Rec. Doc. No. 10-1, p. 2.
[6] *Id*.

67876                                                                                                                            1

Great Lakes reached a settlement in their suit, but Plaintiffs' separate suit proceeded to a hearing on a *Motion for Summary Judgment*, wherein the defendants argued that, because the actual slush machine was not available to examine, Plaintiffs could not possibly prevail. Summary judgment was granted, and Plaintiffs' claims dismissed.

According to Plaintiffs, the slush machine was not available as evidence in their state court suit because Great Lakes destroyed it, or rather, instructed Kurt Myers, a fire investigation specialist who "had investigated the fire and was holding the machine on behalf of"[7] Great Lakes, to destroy it. He did. Plaintiffs filed a new suit in the 19th Judicial District Court in the Parish of East Baton Rouge, Louisiana, contending that the destruction of the machine, and Great Lakes' failure to disclose the destruction, constituted a "breach of contractual duties under the Insurance Policy and was a violation of its duties, including. . .its duties of good faith and fair dealing."[8] Great Lakes properly removed the suit to this Court on the basis of diversity jurisdiction under 21 U.S.C. § 1332.[9]

Great Lakes then filed the instant *Motion to Dismiss*, arguing that Plaintiffs have failed to state a claim because their claim is for negligent spoliation of evidence, which is not recognized under Louisiana law. Further, Great Lakes asserts, Plaintiffs fail to identify any provision of the insurance policy, or of Louisiana law generally, that required it to preserve evidence on Plaintiffs' behalf.[10] After reviewing the parties' briefs and the relevant law, the Court agrees with Great Lakes but finds that Plaintiffs are entitled to

---

[7] Rec. Doc. No. 10-2, p. 2-3.
[8] Rec. Doc. No. 10-1, p. 3.
[9] According to the *Notice of Removal* (Rec. Doc. No. 1), Plaintiffs are citizens of Louisiana and Great Lakes is domiciled in Germany.
[10] Rec. Doc. No. 5, p. 1.

amend their complaint.

## II. LAW AND ANALYSIS

### a. Rule 12(b)(6) Motion to Dismiss

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[11] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[12] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[13]

In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[14] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[15] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has

---

[11] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[12] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[13] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)).
[14] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations and brackets omitted)(hereinafter *Twombly*).
[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(internal citations omitted)(hereinafter "*Iqbal*").
[16] *Id*.

acted unlawfully."[17] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[18] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[19]

b. Analysis

The status of negligent spoliation claims in Louisiana is clear. In *Reynolds v. Bordelon*, the Supreme Court of Louisiana unambiguously held that "no cause of action exists for negligent spoliation of evidence."[20] The *Reynolds* court further explained that "[r]egardless of any alleged source of the duty, whether general or specific, public policy in our state precludes the existence of a duty to preserve evidence. Thus, there is no tort."[21] Plaintiffs "do not dispute"[22] this proposition, but they argue that their allegations are nevertheless sufficient to withstand a motion to dismiss because they do not rely solely on the tort of negligent spoliation; they also cite their insurance contract and, more generally, an "obligation of good faith flowing from [that] contract."[23]

Although the Louisiana Supreme Court clearly held that there is no cause of action sounding in tort, the *Reynolds* court did not foreclose the possibility of a spoliation claim arising out of a breach of contract. Indeed, it found that the plaintiff's "petition allege[d] sufficient facts to support a breach of contract cause of action."[24] Here, Plaintiffs do

---

[17] *Id*.
[18] *Taha v. William Marsh Rice Univ.*, 2012 WL 1576099 at *2 (S.D. Tex. 2012) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[19] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[20] *Reynolds v. Bordelon,* 2014-2362 (La. 6/30/15), 172 So. 3d 589, 592.
[21] *Id.* (emphasis added).
[22] Rec. Doc. No. 10, p. 6.
[23] *Id*.
[24] *Reynolds v. Bordelon,* 2014-2362 (La. 6/30/15), 172 So. 3d 589, 600.

attempt to make out a claim based on breach of contract, but their allegations are vague and conclusory. In their *Petition*, Plaintiffs allege that "Defendant had duties and contractual obligations under the terms of the Insurance Policy to the Plaintiffs, which duties and contractual obligations included among other things an obligation not to destroy evidence."[25] Great Lakes disagrees, arguing that Plaintiffs are unable to reference a specific provision of the policy giving rise to an obligation to preserve evidence because "no such agreement or obligation exists."[26] In their *Opposition* to the *Motion to Dismiss*, Plaintiffs suggest that "the obligation of Great Lakes as their insurer. . .created heightened duties"[27] to preserve evidence. This argument, that a general duty flows from the insurer-insured relationship, is directly refuted by the *Reynolds* court's proclamation that "[r]egardless of any alleged source of the duty, whether general or specific, public policy in our state precludes the existence of a duty to preserve evidence."[28]

Although the *Reynolds* court noted that "[a]lternative avenues of recourse are available within Louisiana's evidentiary, discovery, and contractual laws,"[29] in this Court's view, the reference to "contractual laws" was not intended to suggest that an obligation not to spoliate can be *inferred* or imposed upon a pre-existing contract; instead, the *Reynolds* court explained that contract law could be invoked to protect evidence from spoliation if, for example, "the plaintiff who anticipates litigation can enter into a contract to preserve the evidence and, in the event of a breach, avail himself of those contractual remedies."[30] Plaintiffs do not allege that the insurance contract includes such a covenant.

---

[25] Rec. Doc. No. 10-1, p. 3.
[26] Rec. Doc. No. 13, p. 4.
[27] Rec. Doc. No. 10, p. 7.
[28] *Reynolds v. Bordelon*, 2014-2362 (La. 6/30/15), 172 So. 3d 589, 592 (emphasis added).
[29] *Id.*
[30] *Id.* at 600.

Reaching beyond the four corners of their policy, Plaintiffs also argue that they have stated a claim against Great Lakes for violation of its duties under Louisiana Revised Statute §22:1973. That statute provides that "[a]n insurer . . . owes to his insured a duty of good faith and fair dealing." Plaintiffs argue that Great Lakes' "destruction of the slush machine and subsequent failure to disclose said destruction"[31] constituted a breach of that duty of good faith. However, a closer look at the statute demonstrates that it contemplates the insurer's conduct with respect to insurance *claims*, not, as Plaintiffs allege here, with respect to conduct undertaken five years after a claim is paid. The second sentence of 22:1973 states that "[t]he insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach." Plaintiffs do not allege a breach of this duty related to their insurance claim, which they admit was paid in the amount of $157,699.30.[32] Further, Plaintiffs concede that the statute describes "the insurer's duty to act in good faith in settlement of claims" and admit that the instant case is "not exactly that posture."[33]

Overall, the Court finds that there may be a cause of action for breach of a contractual obligation to preserve or not to spoliate, Plaintiffs have not stated a claim of that nature because they have failed to allege in a non-conclusory manner the existence of any specific agreement between the parties on the subject. Based on the parties' briefs, the Court is skeptical that any such contractual agreement was made; however, in light

---

[31] Rec. Doc. No. 10-2, p. 3.
[32] *Id*. at p. 2.
[33] Rec. Doc. No. 10, p. 8.

of the rule that leave to amend should be "freely given when justice so requires,"[34] the Court will allow Plaintiffs to amend their complaint. The Fifth Circuit has held that "unless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial."[35] Great Lakes does not argue that any of these reasons are present in this case, and the Court does not find them.

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Great Lakes' *Rule 12(b)(6) Motion to Dismiss*[36] is hereby DENIED without prejudice to reurging after the filing of Plaintiffs' *Amended Complaint*. Plaintiffs shall file an amended complaint within thirty (30) days of this *Ruling*.

Signed in Baton Rouge, Louisiana the 13th day of July, 2021.

_____
**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[34] Fed. R. Civ. P. 15(a).
[35] *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999).
[36] Rec. Doc. No. 5.